IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>LACIE BROWN,<br><br>                Defendant. | 4:22-CR-3131<br><br>ORDER TO SHOW CAUSE |

      This matter is before the Court on the Magistrate Judge's findings and recommendation (filing 28) that the Court accept the defendant's plea of guilty to the charge of knowingly possessing an authentication feature of the United States that was stolen or produced without lawful authority, knowing that it was stolen or produced without such authority. *See* filing 21. The Court, however, has questions about the factual basis for the plea.

      Fed. R. Crim. P. 11(b)(3) is quite clear: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." A guilty plea is supported by an adequate factual basis when the record contains sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense. *United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009). That means that there must be a factual basis for every element of the crime charged. *United States v. Stewart*, 739 F.2d 1379, 1381 (8th Cir. 1984). A valid guilty plea admits all the elements of a criminal charge and facts that form the basis for federal jurisdiction. *United States v. Williams*, 557 F.3d 556, 560 (8th Cir. 2009)

      The purpose of this rule is to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that their conduct does not actually fall within the charge. *United States v. Heid*, 651 F.3d 850, 854 (8th Cir. 2011) (citing *McCarthy v.*

*United States,* 394 U.S. 459 (1969)). Facts obtained from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the Court, and the stipulated facts before the Court, may be sufficient to find a factual basis for a guilty plea. *United States v. Scharber,* 772 F.3d 1147, 1150 (8th Cir. 2014). But the Court commits plain error if it accepts a plea when the record shows that the defendant's conduct did not, as a matter of law, meet all of the elements of the crime to which they pled guilty. *United States v. Wroblewski,* 816 F.3d 1021, 1025 (8th Cir. 2016)

The problem in this case is with the required element of an "authentication feature." *See* 18 U.S.C. § 1028(a)(6). An "authentication feature" is defined as

> any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified.

§ 1028(d)(1). The "feature" at issue here is a Social Security number, presumably meant to be a "sequence of numbers." *See id*. But a Social Security number isn't used "on an identification document, document-making implement, or means of identification *to determine if the document is counterfeit, altered, or otherwise falsified*." *See id*. (emphasis supplied). Rather, as the Court explained at length in *United States v. Rodriguez-Cisneros*,

> the obvious purpose of the legislation—both from its history and its plain language—was to address anti-counterfeiting measures.

> A Social Security number, by contrast, is clearly a "means of identification" as defined by the statute: a "name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," including a Social Security number or driver's license number. § 1028(d)(7). The purpose of a Social Security number is identification, not security. The two categories are not necessarily mutually exclusive, but the distinction is helpful. Any "means of identification" could presumably be used to detect deception, because it could be used to discover that the person presenting the identifying document is not actually the person identified. The fact that Congress drew a distinction between a "means of identification" and a "authentication feature" suggests that the latter should be a feature primarily used for security.

916 F. Supp. 2d 932, 935 (D. Neb. 2013). Accordingly, the Court held that a Social Security number isn't an "authentication feature" because its primary function isn't its use by the issuing authority to determine if an identification document is counterfeit, altered, or otherwise falsified. *Id*.

The factual basis provided for the plea here establishes only that the defendant made unauthorized use of the victim's Social Security number on student loan applications. *See* filing 27 at 2; filing 31 at 14-17. Under this Court's precedent, that's insufficient to support a finding that she used an "authentication feature" in violation of § 1028(a)(6).

But the Court recognizes that not all the information produced by the investigation of this charge is before the Court, and that the parties may not have been contemplating this Court's holding in *Rodriguez-Cisneros* when drafting their plea agreement and attempting to establish a factual basis for

the plea. Accordingly, the Court will give the parties an opportunity to supplement the record and establish a factual basis for the plea.[1] Accordingly,

IT IS ORDERED:

1. The parties shall show cause, on or before April 6, 2023, why the Court should not reject the defendant's plea of guilty.

2. The Clerk of the Court shall set a show cause deadline for April 6, 2023.

Dated this 16th day of March, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The Court notes, however, that the facts described in the plea agreement, *see* filing 27 at 2—and admitted under oath by the defendant, *see* filing 31 at 14-17—*would* seem to establish a factual basis for knowingly using, "without lawful authority, a means of identification of another person with the intent to commit . . . unlawful activity," in violation of § 1028(a)(7). *See United States v. Mink,* 9 F.4th 590, 609 (8th Cir. 2021), *cert. denied,* 142 S. Ct. 1166 (2022); *United States v. Hill,* 683 F.3d 867, 870 (7th Cir. 2012). The Court recognizes that charge would potentially carry a higher possible sentence. *Compare* § 1028(b)(6) (use of an authentication feature punishable by fine or imprisonment for not more than one year), *with* § 1028(b)(1)(D) (use of a means of identification to commit another crime punishable by a fine or not more than 15 years' imprisonment if the defendant obtained more than $1,000 in value during a one year period). But the Court is confident that—were it necessary to find an alternative basis for a plea agreement—the parties could work out that problem.